782 F.2d 62
 23 ERC 2127, 85 A.L.R.Fed. 113, 16
Envtl. L. Rep. 20,352
 UNITED STATES of America, Plaintiff,
and
Wayne County Department of Health, Air Pollution Control
Division, et al., Intervenors,
Natural Resources Defense Council, Inc., Intervenor-Appellant,
v.
NATIONAL STEEL CORPORATION, Defendant-Appellee.
 No. 83-1766.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 4, 1985.
Decided Jan. 27, 1986.
 
 David G. Hawkins, Natural Resources Defense Council, Washington, D.C., for intervenor-appellant.
 Douglas H. West, Hill, Lewis, Adams, Goodrich, Tait, Detroit, Mich., Clyde W. Armstrong, Chester R. Babst, III, Dean A. Calland, Preston T. Scott (argued), Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant-appellee.
 Before ENGEL, KRUPANSKY and MILBURN, Circuit Judges.
 MILBURN, Circuit Judge.
 
 
 1
 The Natural Resources Defense Council ("NRDC"), a prevailing plaintiff intervenor, appeals the district court's denial of an application for attorney fees made under section 304(d) of the Clean Air Act, 42 U.S.C. Sec. 7604(d). The issue raised on appeal is whether section 304(d) of the Clean Air Act ("the Act") authorizes an award of attorney fees to persons who intervene in cases brought and being diligently prosecuted by the United States under section 113(b) of the Act, 42 U.S.C. Sec. 7413(b). For the reasons that follow, we affirm.
 
 I.
 
 2
 The action out of which NRDC's claim for attorney fees arises was commenced on August 14, 1979, when, pursuant to section 113(b) of the Act, the United States filed a complaint against defendant-appellee National Steel Corporation ("National"). Various state agencies intervened in the action soon after the complaint was filed. The parties negotiated a consent decree in October of 1980, and the consent decree was entered by the district court on March 31, 1981.
 
 
 3
 However, in early 1983, NRDC learned that National was out of compliance with the consent decree. On March 30, 1983, NRDC filed a motion to intervene in the original EPA enforcement proceeding, pursuant to section 304(b) of the Act, for the purpose of enforcing the court's decree. Shortly thereafter, on April 18, 1983, the United States filed a motion to enforce the decree and for civil contempt. On May 6, 1983, National filed a motion to stay enforcement and for certain mandatory relief. On May 20, 1983, NRDC submitted a brief to the district court in support of the United States' motion to enforce judgment and in opposition to National's motion.
 
 
 4
 On May 23, 1983, the district court heard arguments on these motions. The district court granted the motion to intervene, denied National's motion, and granted the motion to enforce judgment.[1]
 
 
 5
 On August 11, 1983, NRDC submitted the application for an award of attorney fees pursuant to section 304(d) of the Act. Following a hearing on October 3, 1983, the district court denied the application. In ruling from the bench, the district court stated that "the United States was, for all purposes here, diligently prosecuting a civil action." App. at 85.
 
 II.
 
 6
 In addressing NRDC's application for attorney fees, we begin by noting that "[t]he general rule is that absent express statutory authority or an enforceable contract provision, attorneys' fees are not recoverable." Cement Asbestos Products Co. v. Hartford Accident and Indemnity Co., 592 F.2d 1144, 1148 (10th Cir.1979) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974)). NRDC argues that express statutory authority is found in section 304 of the Act which provides in relevant part:
 
 Citizen suits
 
 7
 (a) Authority to bring civil action; jurisdiction
 
 
 8
 Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf--
 
 
 9
 (1) Against any person ... who is alleged to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, ...
 
 
 10
 (b) Notice
 
 
 11
 No action may be commenced--
 
 
 12
 (1) Under subsection (a)(1) of this section--
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 (B) If the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person may intervene as a matter of right.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 (d) Award of Costs; Security
 
 
 19
 The court, in issuing any final order in an action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is appropriate....
 
 
 20
 42 U.S.C. Sec. 7604 (emphasis supplied).
 
 
 21
 The statute makes clear that the courts have authority to award attorney fees only if the action was "brought pursuant to subsection (a)." As we have noted, the instant action was brought "pursuant to section 113(b) of the Federal Clean Air Act, 42 U.S.C. Sec. 7413(b)," United States v. National Steel Corp., 767 F.2d at 1178, and not section 304(a) of the Act.
 
 
 22
 NRDC argues that although the action was commenced by the United States under section 113 of the Act, its intervention was an action brought pursuant to subsection (a) of section 304. However, the clear language of section 304(a) provides that any person may commence a civil action "except as provided in subsection (b)." Subsection (b), in turn, provides that "no action may be commenced--(1) under subsection (a) of this section-- ... if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States...." As noted, the district court in the instant case found that the United States was diligently prosecuting the action. Therefore, NRDC's action could not have been brought pursuant to subsection (a).
 
 III.
 
 23
 Accordingly, we hold that an intervenor's action is "brought pursuant to subsection (a)," and thus attorney fees are available to intervenors under section 304(d) of the Act only in cases in which the Administrator or State is not diligently prosecuting the action. The judgment of the district court denying the award of attorney fees is AFFIRMED.
 
 
 
 [1]
 This order was subsequently vacated and the cause remanded for a recalculation of penalties. United States v. National Steel Corp., 767 F.2d 1176 (6th Cir.1985)